UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HERMAN ARMSTRONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-00333-JMS-WGH |
| ) | |
| T. BAILEY Doctor, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Herman Armstrong, an inmate at the Federal Correctional Complex in Terre Haute, Indiana, brings this action pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), alleging that defendant Dr. T. Bailey was deliberately indifferent to his serious medical needs. Dr. Bailey has moved for summary judgment and Mr. Armstrong has failed to respond. For the following reasons, the motion for summary judgment [dkt 19] is **granted**.

**I. Summary Judgment Standard**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007).

As noted, Mr. Armstrong has not opposed the motion for summary judgment. The consequence of his failure to do so is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir.2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921–22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

The Federal Bureau of Prisons ("BOP") has an administrative remedy system which is codified at 28 C.F.R. § 542.10 *et seq.*, and BOP Program Statement 1330.16, *Administrative Remedy Procedures for Inmates*. To exhaust the BOP's administrative remedies, an inmate must first file an informal request ("BP-8") with an appropriate institution staff member. If not satisfied with the proposed informal resolution, the inmate may file a formal request with the institution Warden ("BP-9"). If not satisfied with the response to the BP-9, the inmate may appeal to the Regional Director ("BP-10"). If not satisfied with the Regional Director's response, the inmate may appeal to the BOP's General Counsel ("BP-11"). Once an inmate receives a response to his appeal from the General Counsel and after filing administrative remedies at all required levels, the administrative remedy process is complete.

All codified BOP Program Statements are available for inmate access through the institution law library. Additionally, Administrative Remedy filing procedures are outlined in an Inmate Information Handbook which is available to inmates at their respective BOP facility.

Mr. Armstrong filed five remedy requests related to his claims in the complaint. On October 27, 2014, Mr. Armstrong filed remedy #799125-F1 claiming "GI Specialist Consult." The

remedy was closed with explanation on October 31, 2014. On November 7, 2014 Mr. Armstrong filed remedy #799125-R1. The filing was rejected on the same date because failed to provide a copy of the BP-9 response and he was instructed to correct the filing and resubmit it within 10 days of the date of the rejection notice. On November 28, 2014, Mr. Armstrong again attempted to appeal by filing remedy #799125-R2. The filing was rejected because it was a duplicate to filing #799125-R3, and remedy #799125-R3 was rejected as untimely. On December 22, 2014, Mr. Armstrong filed remedy # 799125-R4, and that submission was again rejected as untimely, and Mr. Armstrong was instructed to provide staff verification on BOP letterhead stating that the untimeliness of #799125-F1 and #799125-R3 were not his fault. As of June 16, 2015, no further remedy filings had been made by Mr. Armstrong with respect to this administrative remedy.

### III. Discussion

The defendants argue that Mr. Armstrong's claims must be dismissed because he failed to exhaust his available administrative remedies with respect to those claims. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v.*

*Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

The defendants have shown that Mr. Armstrong did not fully exhaust his available administrative remedies as required by the PLRA. Although he submitted several remedy requests, many of his remedy requests were not compliant with the administrative remedy procedure or were untimely. Further, he did not see any of those requests through to the final step of the administrative review process. Therefore, in light of 42 U.S.C. § 1997e(a), this lawsuit should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

For the foregoing reasons, Dr. Bailey's motion for summary judgment [dkt 19] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/01/2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

HERMAN ARMSTRONG
17980-021
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All electronically registered counsel