UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HERMAN ARMSTRONG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:14-cv-00333-JMS-DKL |
| T. BAILEY Doctor, | ) ) ) |
| Defendant. | ) |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Herman Armstrong, a former inmate of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Terre Haute, Indiana, brought this action alleging that the defendant, Dr. T. Bailey, was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Dr. Bailey moves for summary judgment arguing that Mr. Armstrong failed to exhaust his available administrative remedies with regard to this claim.[1]

**I. Standard of Review**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106

---

[1] Dr. Bailey's motion for summary judgment was previously granted when Mr. Armstrong failed to respond and judgment was entered in Dr. Bailey's favor. Dkt 24 and 25. Shortly thereafter, Mr. Armstrong moved to reopen the case asserting that he had filed a response to the motion for summary judgment and served a copy on the defendant. The defendant did not object and the Court granted the motion to reopen the case. Dkt. 28. The fully briefed motion for summary judgment is now again under consideration.

S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007).

## II. Facts

The BOP has an administrative remedy system which is codified at 28 C.F.R. § 542.10 *et seq.*, and BOP Program Statement 1330.16, *Administrative Remedy Procedures for Inmates*. To exhaust the BOP's administrative remedies, an inmate must first file an informal request ("BP-8") with an appropriate institution staff member. If not satisfied with the proposed informal resolution, the inmate may file a formal request with the institution Warden ("BP-9"). If not satisfied with the response to the BP-9, the inmate may appeal to the Regional Director ("BP-10"). If not satisfied with the Regional Director's response, the inmate may appeal to the BOP's General Counsel ("BP-11"). Once an inmate receives a response to his appeal from the General Counsel and after filing administrative remedies at all required levels, the administrative remedy process is complete.

All codified BOP Program Statements are available for inmate access through the institution law library. Additionally, Administrative Remedy filing procedures are outlined in an Inmate Information Handbook which is available to inmates at their respective BOP facility.

Mr. Armstrong filed five remedy requests related to his claims in the complaint. First, on October 27, 2014, Mr. Armstrong filed remedy #799125-F1 claiming "GI Specialist Consult." The remedy was closed with explanation on October 31, 2014.

Mr. Armstrong initially filed the complaint in this action on October 29, 2014.

On November 7, 2014 Mr. Armstrong filed an appeal of the October 31 response, identified as remedy #799125-R1. The filing was rejected on the same date because he failed to provide a copy of the response, and he was instructed to correct and resubmit within 10 days of the date of

the rejection notice. On November 28, 2014, Mr. Armstrong resubmitted his appeal in remedy #799125-R2. The filing was rejected because it was a duplicate to filing #799125-R3, and remedy #799125-R3 was rejected as untimely since it was submitted more than 10 days after remedy #799125-R1 was rejected. On December 22, 2014, Mr. Armstrong filed remedy # 799125-R4, and that submission was again rejected as untimely. Mr. Armstrong was instructed to provide staff verification within 10 days on BOP letterhead stating that the untimeliness of #799125-F1 and #799125-R3 were not his fault.

Mr. Armstrong asserts that he received a rejection of his regional appeal as untimely on January 6, 2015. The next day, he asked his counselor what his next step should be and his counselor told him that he would have to file a reason for the appeal to the Central Office. On the 21st of January, 2015, Mr. Armstrong received a letter from the United States Supreme Court stating that he had submitted his grievance to the wrong address. He then asked his counselor again for advice and was told that nothing could be done.

### III. Discussion

The defendant argues that Mr. Armstrong's claims must be dismissed because he failed to exhaust his available administrative remedies with respect to those claims. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."

*Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Here, Mr. Armstrong filed his initial administrative remedy request on October 27, 2014. He filed this lawsuit on October 29, 2014, and received a response to his administrative remedy request on October 31, 2014. It is undisputed, therefore, that he failed to exhaust his available administrative remedies before filing this lawsuit. This lawsuit can be dismissed for this reason alone. *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).

The defendant also argues that Mr. Armstrong failed to exhaust his available administrative remedies at any time. Mr. Armstrong argues that he should excused from failing to exhaust his administrative remedies before he filed this lawsuit because he was misled and thwarted by prison officials in his attempt to exhaust his administrative remedies. But the undisputed facts construed in the light most favorable to Armstrong show that his administrative remedies were not made unavailable to him. First, he filed remedy #799125-F1 requesting a GI specialist consult on October 27, 2014. This remedy was rejected on October 31, 2014. He filed an appeal, identified as #799125-R1, which was rejected for failing to include a copy of the BP-9 response and he was provided an opportunity to re-file his appeal and given 10 days to do so. He then re-filed his appeal, in remedies ##799125-R2 and 799125-R3. Remedy #799125-R2 was rejected as duplicative and #799125-R3 was rejected as untimely. He again attempted to appeal on December 22, 2014, in remedy #799125-R4. This appeal was also rejected as untimely and Armstrong was instructed in

the rejection notice to provide staff verification on BOP letterhead stating that the untimeliness of his prior appeals was not his fault. In other words, each time his appeal was rejected, Armstrong was permitted to refile an appeal and instructed how to do so. With regard to the last appeal, #799125-R4, he was instructed that to continue, he needed an explanation by staff on BOP letterhead for why his appeals were filed late.

Mr. Armstrong suggests that his appeals were late because there was a delay in his receipt of the responses to his remedy requests. But there is no evidence that Armstrong attempted to obtain a letter from staff explaining this delay, as he was explicitly instructed to do in the response to remedy #799125-R4. Mr. Armstrong apparently attempted to file an appeal to the Central Office but states that he was thwarted in this attempt by his counselor who provided him with the wrong address for the Central Office. But this does not show that Mr. Armstrong was thwarted in his administrative remedy attempts. Even assuming that he was provided the wrong address, he submits no evidence that he did not, and could not, have resubmitted that appeal with the proper documentation and an explanation of the untimeliness of the delay in his appeals. He asserts that he was then told by his counselor that there was nothing else he could do and that he had exhausted his administrative remedies and that he therefore then filed this lawsuit. First, this statement is belied by the record because Mr. Armstrong states that he received the letter from the United States Supreme Court stating that his grievance was filed in the wrong place on January 21, 2015, and the record in this case reflects that this action was filed on October 29, 2014, nearly two months before January 21, 2015. In addition, every time Mr. Armstrong field a remedy appeal which was rejected, the denial contained an explanation of the proper steps to take in curing the deficiency. Instructions regarding the administrative remedy process were also available in the law library and the Inmate Handbook. Mr. Armstrong has not submitted sufficient evidence to show that

statements from his counselor were sufficient to contradict the express directions provided to him in the rejection notices and available to him elsewhere.

For these reasons, Mr. Armstrong has failed to show that the exhausted his available administrative remedies before this lawsuit was filed or that he was thwarted in his attempts to exhaust his available administrative remedies. The defendant's motion for summary judgment is therefore granted.

### IV. Conclusion

For the foregoing reasons, the defendant's motion for summary judgment [dkt 19] is **granted**. Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: December 28, 2016

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Herman Armstrong
17980-021
Atlanta RRM
719 McDonough Blvd. S.E.
Atlanta, GA 30315

All electronically registered counsel